UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Janine Gibbons
                 Plaintiff,

                                                                                         **COMPLAINT AND**
                                                                                          **JURY DEMAND**

                -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NYPD DETECTIVE ANGELO CUOZZO SHIELD
1628, NYPD DETECTIVE DANIEL PEREZ, POLICE OFFICERS
JOHN DOE # 1 to approximately # 10, the names being fictitious
presently unknown, in their individual and official capacities
as employees of the New York City Police Department
                                                    Defendants.
-------------------------------------------------------------------X

The Plaintiff, Janine Gibbons, by her attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officers Cuozzo and Perez and Police Officers John Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

### VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the defendants NEW YORK CITY POLICE OFFICERS CUOZZO and PEREZ, have their Precincts within the boundaries of the said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

### PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers Cuozzo, Perez, and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## JUNE 2010 FACTUAL ALLEGATIONS

11. According to information and belief, during the timeframe of this incident Plaintiff was a 30 year old resident of Kings County with no criminal record.

12. On 2 June 2010 at approximately 5pm, Plaintiff was visiting friends at 375 Blake Avenue, Brooklyn, NY, a residential apartment, when without cause or justification or permission Defendant NYPD Angelo Cuozzo, who at that time was assigned to the Brooklyn North Narcotics Division, and his NYPD Officer Co-Defendants ("Cuozzo") forcibly entered and detained Plaintiff and everyone else in the apartment.

13. Plaintiff demanded an explanation and to see a warrant, and Cuozzo refused and then without cause or justification proceeded to search Plaintiff in front of everyone and also proceeded to search the other occupants.

14. Without cause or justification, Cuozzo found approximately $1,500.00 on Plaintiff and stole Plaintiff's money.

15. Without cause or justification, Cuozzo also conducted a search of the apartment.

16. Plaintiff observed that Cuozzo found no contraband in the apartment, nor on anyone searched.

17. Without cause or justification Cuozzo then began strip-searching everyone, including that Cuozzo took Plaintiff into a bedroom inside the location and strip searched Plaintiff.

18. Plaintiff also observed that without cause or justification, Cuozzo assaulted one of the males in the apartment

19. Without cause or justification Cuozzo handcuffed Plaintiff and the other occupants, placed them under arrest, and transported them to the 73 Precinct.

20. Without cause or justification, Cuozzo then conducted another search of Plaintiff at the Precinct.

21. Without cause or justification, Cuozzo kept Plaintiff handcuffed to a cold, hard, metal bench at the Precinct all night long.

22. On 3 June 2013, without cause or justification, Plaintiff was then transported to Central Booking.

23. Without cause or justification, Plaintiff was searched again at Central Booking.

24. Plaintiff was finally released on her own recognizance around midnight on 4 June 2013, after being in custody for approximately 30 hours.

25. Plaintiff made several court appearances before all charges were dismissed under Kings County Docket 2010KN044331 on 1 November 2010.

26. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

## JANUARY 2011 FACTUAL ALLEGATIONS

27. On 26 January 2011, approximately between 8pm and 10pm, Plaintiff was in her home at 10 Lewis Avenue, Brooklyn, NY when, without cause or justification, Defendant Detective Daniel Perez, who at that time was assigned to the Brooklyn 77 Precinct Detective Squad, accompanied by two of his colleague NYPD officers ("Perez") unlawfully entered the apartment and demanded that Plaintiff give them one or more firearms they claimed were in the home.

28. Perez informed Plaintiff he did not have a warrant, but he had Plaintiff's husband in custody and would release Plaintiff's husband in exchange for firearms.

29. Plaintiff demanded that Perez leave.

30. Perez then threatened to have Plaintiff removed from her housing.

31. Plaintiff demanded again that Perez leave.

32. Perez then searched the apartment, threw furniture around, and pulled out bureau and cabinet draws.

33. Perez refused Plaintiff's repeated requests for his badge number and repeatedly instructed Plaintiff to stay clear while Perez searched.

34. For approximately one hour, Perez continued to search the home and threaten Plaintiff, before he left empty-handed.

35. Plaintiff was never charged for this incident.

## FIRST CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

36. Paragraphs 1 through 35 are herein incorporated by reference.

37. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

38. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

39. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILTY)

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

42. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

43. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

44. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

45. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

46. Defendants subjected Plaintiff to false arrest and false imprisonment.

47. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
### (FOURTH AMENDMENT)

48. Paragraphs 1 through 47 are incorporated herein by reference.

49. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

50. That as a result of the foregoing, the Plaintiff has been deprived of her following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

51. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

52. Paragraphs 1 through 51 are incorporated herein by reference.

53. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

54. That as a result of the foregoing, the Plaintiff has been deprived of her following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

55. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(ASSAULT)

56. Paragraphs 1 through 55 are incorporated herein by reference.

57. That the Court has pendant jurisdiction of this claim.

58. That as a result of the foregoing, Defendants intentionally put Plaintiff in fear and fright of imminent physical harm.

59. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of DEFENDANTS, in the amount of One Million ($1,000,000.00) Dollars.

## SIX CAUSE OF ACTION
(BATTERY)

60. Paragraphs 1 through 59 are incorporated herein by reference.

61. Defendants battered the Plaintiff.

62. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of DEFENDANTS in the amount of One Million ($1,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

63. Paragraphs 1 through 62 are incorporated herein by reference.

64. Defendants caused a false accusatory instrument to be filed against Plaintiff.

65. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

66. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

67. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 22 May 2013
New York, New York

Gregory Zenon, The Law Office of Gregory Zenon
110 Wall Street, 11th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff